# ATTENTION
## NOTICE OF SETTLEMENT
## U.S. DEPT. OF EDUCATION
## CLASS ACTION LITIGATION
## U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## WASHINGTON, DC

**FILED**
JUL 1 0 2000
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CIVIL ACTION 00-1595-J

TO ALL BLACK EMPLOYEES, NOT OF HISPANIC DESCENT, WHO WERE EMPLOYED BY THE DEPARTMENT OF EDUCATION IN THE COMPETITIVE SERVICE AT HEADQUARTERS AT ANY POINT FROM FEBRUARY 4, 1991 TO JULY 7, 2000 IN GRADES 11 THROUGH 15.

This Court wishes to advise you that a proposed settlement agreement ("the Settlement Agreement") has been reached between the Department of Education ("the Department") and plaintiffs in *Grant, et al. v. Riley*, a race discrimination class action filed in 1991 on behalf of Black employees, not of Hispanic descent, who were employed by the Department at its Headquarters in Washington, D.C., in the competitive service at any point from February 4, 1991 to July 7, 2000 in grades 11 through 15 ("the Class"). Members of the Class and representatives of the Department of Education and the Department of Justice have engaged in extensive discussions of the Class agents' allegations, statistical data, and changes to current personnel practices in order to reach the Settlement Agreement, which, if approved, would be in effect for four (4) years. The Settlement Agreement provides for a number of systemic changes to the Department's promotion process as well as payment of Four Million Dollars ($4,000,000.00) in monetary relief ("the Settlement Fund") and 34 prospective promotions for Class Members at the Department's headquarters. The Settlement Agreement does not provide for quotas based on race or for the displacement of anyone from his or her job. Highlights of the Settlement Agreement are described below.

(N)

7

- 2 -

The Court has reviewed, and granted preliminary approval of, the overall Settlement Agreement and will reach a final decision as to its fairness and adequacy after the Class Members and any other current or former employees who might be affected have had an opportunity to comment, if they wish, favorably or otherwise, on the Settlement Agreement. You may be a member of the Class if you are black or African American and fit the highlighted description above. If you believe that you have erroneously been excluded from or included in the class, you must contact Class Counsel, in writing, at Department of Education Class Action, Steptoe & Johnson LLP, 1330 Connecticut Avenue, N.W., Washington, D.C. 20036 no later than September 5, 2000 to clarify your status. Additionally, you may obtain more information about this settlement on the web at http://www.steptoe.com or at http://www.ed.gov/class_action.

All Class Members who were employed at the Department at Headquarters in grades 11-15 for one year or more between February 4, 1991 and July 7, 2000 are eligible to receive a portion of the Settlement Fund to be created by the Settlement Agreement. Certain Class Members may also be eligible to receive a prospective promotion under the Settlement Agreement. Except as noted below, the Settlement Agreement will provide the sole procedure for Class Members to obtain relief for all claims that arose during the time period defined above. The Settlement will resolve and extinguish all claims that the Class as a whole may have based on the allegations raised in the Class Complaint, and the events that occurred in whole or in part between February 4, 1991 and July 7, 2000. The Settlement also will resolve and extinguish all claims that any Class Member as an individual may have based on the allegations raised in the Class Complaint, and the events that occurred in whole or in part between February 4, 1991 and July 7, 2000, except as noted below. The Settlement Agreement provides, however, that Class Members who have timely filed, administratively and/or in court, claims of race discrimination in

promotions based on any practice alleged in the Class Complaint may continue to prosecute those claims, but the relief available to such Class Members shall be limited to compensatory damages (e.g., not "back" or "front" pay or additional promotional relief).

You may obtain a copy of the Settlement Agreement without cost from Class Counsel by picking it up at Steptoe & Johnson LLP, 1330 Connecticut Avenue, N.W., Washington, DC 20036. Alternatively, you may download the Settlement Agreement without cost from the web at http://www.steptoe.com or at http://www.ed.gov/class_action. Class Members also can view the documents in person at the Office of the Clerk, United States District Court for the District of Columbia, 333 Constitution Avenue, NW., Washington, DC 20001.

This Court will hold a hearing at 10:00 a.m. on December 8, 2000, at the United States District Courthouse for the District of Columbia. At that time, the Court will hear comments, favorable or otherwise, concerning the Settlement Agreement pursuant to the procedure described below. Class Members need not be present in court to receive a monetary award or other benefit created by the Settlement Agreement. Class Members will be represented in court by Class Counsel at no cost to them.

If you are a person to whom this Notice is directed and you want to object to or otherwise comment on the settlement, you must send a written statement objecting to or commenting on the settlement, postmarked no later than October 10, 2000, to the Clerk of the Court, United States District Court for the District of Columbia, 3rd and Constitution Avenues, N.W., Washington, D.C. 20001. Such correspondence should reference Grant v. Riley, No. 1:00-CV-1595. You also should send a copy of any written objections by regular U.S. Mail to Class Counsel, Department of Education Class Action, Steptoe & Johnson LLP, 1330 Connecticut Avenue, N.W., Washington, D.C. 20036, and to Department of Justice, Civil Division, Federal Programs

Branch, 901 E Street, N.W., Room 1010, Washington, D.C. 20530. If you wish to be heard at the hearing, you must so indicate in your written objection or comment. Unless otherwise ordered by the Court, you may then appear at the hearing yourself, or with an attorney of your own choice at your own expense.

The Court cannot provide you with legal advice. All inquiries to the Court about the Settlement Agreement will be referred to Steptoe & Johnson LLP or the Washington Lawyers' Committee for Civil Rights and Urban Affairs as Class Counsel. You may direct any comment or inquiry to Class Counsel by mail addressed to Class Counsel, Department of Education Class Action, Steptoe & Johnson LLP, 1330 Connecticut Avenue, N.W., Washington, DC 20036 or Class Counsel, Department of Education Action, The Washington Lawyers' Committee for Civil Rights and Urban Affairs, 11 Dupont Circle, N.W., Washington, DC 20036.

The terms of the Settlement Agreement are summarized below:[1]

I.  SYSTEMIC CHANGES (selections to grades 12 through 15)

   A.  COMPETITIVE PROMOTION PROCESS

To ensure that the selection process is open to as many employees as possible, all vacancy announcements at the Department's headquarters at grades 11 - 15 will be posted for a minimum of 10 business days; open to employees Department-wide; reviewed by the Office of Management to ensure that "knowledge, skills and abilities" (KSAs) in the announcement are consistent with the position description and are neither overly specific nor tailored for a specific

---

[1] The purpose of this Notice is to provide basic information concerning the proposed Settlement Agreement. The Settlement Agreement is a detailed document and it is not feasible to discuss in this Notice every provision contained in that document. You should consult the Settlement Agreement itself for a detailed discussion of the terms of the Settlement. Instructions on how to obtain a copy of the Settlement Agreement are contained in this Notice.

individual; and reviewed by the Office of Management to ensure that the crediting plan used to evaluate applicants for the position is consistent with the position description and KSAs.

Additional improvements to the competitive selection process will require that all selections to positions at grades 12 through 15 will require the selecting official to prepare a written justification, distinguishing with specificity the characteristics of the selectee from those of the other candidates. A second line supervisor will be responsible for reviewing the written justification and approving the selection before the decision is implemented.

In addition, vacancies will be canceled only after managers have provided the Office of Management with a publicly available written justification for canceling the vacancy that was approved by the second line supervisor. If the same job is reposted within six months, employees who were considered "best qualified" for the first vacancy will automatically be placed on the "Best Qualified" list for the reposted vacancy.

B.   ACCRETION OF DUTIES PROMOTIONS

The proposed Settlement Agreement states as a guiding principle that promotions should be effected through the competitive promotions process rather than through the accretion of duties process. To this end, the Settlement Agreement provides a cap on the number of accretion of duties promotions to grades 12 through 15 which can be made each year during the pendency of the Settlement Agreement; requires that the Department publish announcements on all promotions and hires, including accretion of duties promotions; requires that all accretion of duties promotions to grades 13 through 15 be based on written justifications by first and second line supervisors and approved by the head of each principal office; and provides guiding principles for assigning additional duties which could lead to promotion opportunities. In addition, managers will be expected to participate in training on the requirements and procedures

for accretion of duties promotions, and the Department has agreed that managers' compliance with their supervisory obligations under the Settlement Agreement should be taken into account in their performance evaluations.

In addition, the Settlement Agreement establishes an "Accretion of Duties Board" which will:

- Review all recommended accretion of duties promotions to ensure procedural and substantive requirements have been met;

- Provide timely comments or recommendations to the deciding official regarding each accretion of duties promotion;

- Collect data, monitor the distribution of accretion of duties promotions and report this information to the Director of Management and the Secretary.

- Have discretion to make additional reports to appropriate officials, including Assistant Secretaries/Directors, as it deems necessary;

- Have authority to receive complaints regarding accretion of duties promotions and advise the relevant Assistant Secretary or Director so that the Assistant Director or Secretary may take appropriate action, including investigation of such complaints;

- Publicize quarterly the name, position and POC of each person who has been promoted through accretion of duties.

3. OTHER INJUNCTIVE RELIEF

The Department has committed to certain other systemic relief under the Settlement Agreement. The Department will seek to develop Department-wide programs publicizing opportunities for details and mobility assignments, will evaluate how well the programs reach

employees and will report annually the results to Class Counsel. In addition, the Department's performance evaluation system, which has been completely changed since the original Class Complaint was filed, will not be used in the selection process. Finally, the Department will maintain published cash award standards and will not use cash awards as a criterion in selection decisions for promotions.

## II.   REMEDIAL RELIEF

Under the Settlement Agreement, the Government will pay to the Class Settlement Fund Four Million Dollars ($4,000,000.00). Within twenty-five (25) days of the Effective Date of the Settlement Agreement, the Government shall deliver the appropriate disbursement request to the Department of the Treasury to enable Treasury to disburse $4,000,000.00 to the Class Settlement Fund. Two Hundred Sixty Thousand Dollars ($260,000) of the Settlement Fund will be divided equally amongst the thirteen (13) members of the Class Action Steering Committee. The remaining Three Million Seven Hundred Forty Thousand Dollars ($3,740,000.00) of the Settlement Fund will be divided amongst the Class Members according to the following formula: Each Class Member will receive one point for each year of service in grades 11 through 15 at the Department of Education through July 7, 2000. Class Members who served in the Department of Health, Education, and Welfare ("HEW") prior to the creation of the Department of Education, and who were transferred to the Department of Education upon the creation of the Department of Education, shall receive one point for each full year of service at HEW in grades 11 through 15, up to a maximum of five points. For each promotion the employee has received between grades 12 and 15 during his/her career at the Department (or at HEW during the period for which the Class Member receives points for HEW service), two points will be deducted, unless the promotion resulted from the filing of an EEO complaint.

Monetary awards to Class Members will be made based on Class Counsel's application of the foregoing formula to the Class Members' personnel data provided by the Department. The monetary award to each Class Member will reflect his/her total assigned points in proportion to the total points of all Class Members combined.

The Department will distribute to the Class thirty-four (34) promotions to Class Members who are current Department employees. The Class Members who will receive these promotions must be current employees at Headquarters as of the date of Final Approval and will be determined by a formula based on the number of times each class member was rated Best Qualified in their current grade for a vacancy between February 4, 1991 and July 7, 2000, as well as the longest period of time each class member served in any one grade between grades 11 and 14. The thirty-four (34) promotions will consist of seven (7) promotions to grade 12; twenty-two (22) promotions to grade 13, three (3) promotions to grade 14; and two (2) promotions to grade 15.

The Department will provide personnel data to Class Counsel after Final Approval in order to enable class counsel to determine each Class Member's eligibility for promotion and the amount of the Settlement Fund the Class Member will receive. If you are a Class Member and wish to confirm the accuracy of the personnel data provided to Class Counsel by the Department, the personnel data will be available by writing to Class Counsel, Department of Education Class Action, Steptoe and Johnson LLP, 1330 Connecticut Avenue, N.W., Washington, D.C. 20036. Class Members also may verify their data by telephoning Steptoe & Johnson LLP at (202) 429-3000 and asking to speak to the Department of Education Class Action Data Center. In addition, Steptoe & Johnson LLP will make a representative available at Headquarters of the Department of Education for one business day on the thirty-fifth business day following Final Approval. If,

after reviewing data provided to you by Class Counsel, you believe that the data pertaining to you is inaccurate, you must inform Class Counsel in writing and addressed to Class Counsel, Department of Education Class Action, Steptoe & Johnson LLP, 1330 Connecticut Avenue, N.W., Washington, D.C. 20036. All such correspondence must be postmarked no later than 90 days after Final Approval. A final determination regarding all personnel data inquiries shall be made by Class Counsel and members of the Class Action Steering Committee.

### III.  MONITORING OF THE SETTLEMENT AGREEMENT

The distribution by race of both competitive and accretion of duties promotions at Headquarters will be monitored by the Class and the Department throughout the term of the Settlement Agreement. The Department will provide data to the Class and to a mutually agreed upon expert who will report to the Class and the Department whether Class Members receive disproportionately fewer promotions than expected. Where there is a significant under-representation, the Department will review the supervisors' written promotional justifications and provide Class Counsel with a report of its findings and copies of the justifications, as permitted by the Privacy Act. Class Counsel will then determine whether the practices alleged in the *Grant* case may be responsible for any disparity.

### IV.  ATTORNEYS' FEES

The Department will pay the law firm of Steptoe & Johnson LLP and the Washington Lawyers' Committee for Civil Rights and Urban Affairs a portion of the attorneys' fees and costs they have incurred through June 5, 2000. In addition, the Department will pay reasonable attorneys' fees and costs from June 5, 2000 through the approval process, and, subject to a cap, through the monitoring of the Department's compliance with the Settlement Agreement over its

four (4) year term. Thus, if you are a Class Member, you will not owe any fees or expenses to the lawyers who have represented you as part of the Class.

V.   JURISDICTION OF THE COURT

The Court will retain jurisdiction over the case for four (4) years. Should there be a material breach of the Settlement Agreement, the parties shall attempt to resolve the dispute through mediation. If they are unable to resolve the dispute, the parties can subsequently petition the Court for relief.

_____
Judge, United States District Court
for the District of Columbia

Date: ___July 10___, 2000